UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:07-CV-149-R

BARBARA WILLIAMS                                                                                    PLAINTIFF

v.

OWENSBORO BOARD OF EDUCATION, et al.                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants Owensboro Board of Education and Lawrence Vick's Motion for Summary Judgment (Docket #17). Plaintiff Barbara Williams has responded (Docket #21). This matter is ripe for adjudication. For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff Barbara Williams is a former employee of Defendant Owensboro Board of Education. She was hired for a one-year contract beginning on July 12, 1999, and received one-year contract extensions in 2000 and 2001. Defendant Lawrence Vick was the school superintendent in 2002. On April 25, 2002, Vick notified Plaintiff that her contract was not being renewed for another year. Plaintiff's employment ended in July 2002.

Plaintiff filed suit against Defendants on December 7, 2007. Plaintiff specifically alleges that the Board of Education is liable for breach of contract, and Vick for tortious interference with Plaintiff's contract.

The parties agreed to bifurcate discovery between the statute of limitations and the merits of Plaintiff's claims. Defendants have now filed a motion for summary judgment, arguing that

Plaintiff's claims are barred by the applicable statute of limitations.

### STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### DISCUSSION

**I. Breach of Contract**

First, Plaintiff alleges breach of contract against Defendant Owensboro Board of Education.

Plaintiff's complaint states that the Board of Education failed to provide Plaintiff with performance reviews as required by her employment contract.

Defendants argue that Plaintiff's action founded in wrongful discharge, not breach of contract. Under Kentucky law, a wrongful discharge claim is barred by the five-year limitations period of KRS 413.120. In contrast, claims for breach of a written contract falls within the fifteen-year period found in KRS 413.090(2). The Court finds that Plaintiff has alleged a breach of contract claim, thus making KRS 413.090(2) applicable to this claim.

Regarding Plaintiff's breach of contract claim, Defendants contend that Plaintiff received everything she was entitled to under the contract, and that any potential breach of the contract did not harm her. However, these arguments go to the merits of Plaintiff's claims, rather than the issue of whether this action is barred by the statute of limitations. The Court finds the record to be insufficiently developed to determine whether Plaintiff's breach of contract claim fails as a matter of law. Because the parties requested that the Court bifurcate discovery, it would be premature for the Court to rule on this issue at this time.

Even if no additional discovery is necessary, the breach of contract claim is better resolved in a separate motion for summary judgment on the merits, giving Plaintiff an opportunity to respond to Defendants' specific arguments. Therefore, Defendants' motion is denied as to Plaintiff's breach of contract claim.

## II. Tortious Interference with a Contract

Second, Plaintiff claims tortious interference with contractual relations against Defendant Lawrence Vick. Plaintiff alleges that Vick is liable for failing to honestly and accurately state the grounds upon which Plaintiff's contract was not renewed and for eliminating her position in

violation of her contract. Kentucky courts have recognized that contractual relations are protected from improper interference. *See NCAA v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988).

Plaintiff contends that the appropriate statute of limitations is KRS 413.090(2), which provides that "the following actions shall be commenced within fifteen (15) years after the cause of action first accrued: . . . (2) An action upon a recognizance, bond, or written contract." Plaintiff argues that her tortious interference claim falls within her breach of contract claim because the two claims are intertwined.

The Court finds that Plaintiff's argument is not well taken. Plaintiff cites no legal authority in support of her argument that a tortious interference claim is governed by KRS 413.090(2). On the contrary, there is substantial authority that a tortious interference with a contract action is a not an action arising out of contract, and is therefore not governed by the statute of limitations concerning contracts. *See* CJS TORTS § 52 ("The duty not to interfere with the contract of another arises out of law, not contract."); *see also* Maurice T. Brunner, Annotation, *What Statute of Limitations Governs Action for Interference With Contract or Other Economic Relations*, 58 A.L.R.3d 1027 (1974) ("since interference with contract or other economic relations is a recognized tort, the statute of limitations relating to torts, and not the statute of limitations relating to actions on contracts, is generally held to apply").

Here, the issue before the Court is what statute of limitations applies to tortious interference claims. The Sixth Circuit has held that, under Kentucky law, a claim for wrongful interference with a plaintiff's business is governed by KRS 413.120, at least when the claim is based on the destruction of the business's property. *Ritchie v. United Mine Workers of America*, 410 F.2d 827, 832 (6th Cir. 1969). KRS 413.120(4) governs actions for trespass on real or personal property, and

requires that such an action be brought within five years.

If Plaintiff's contractual rights are considered to be her personal property, then under *Ritchie* Plaintiff's claim would be time barred under KRS 413.120(4). However, even if Plaintiff's claim is not governed by KRS 413.120(4), the claim would still be time barred under KRS 413.120(7).

KRS 413.120(7) requires that "[a]n action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated" must be brought within five years. Because Plaintiff's cause of action is for an injury to her rights not arising on contract, if the cause of action is not governed by the statute of limitations concerning personal property rights her cause of action falls within the limitations period set out in KRS 413.120(7). As such, Plaintiff was required to bring her tortious interference claim within five years.

The Court finds that in any event, Plaintiff's claim for tortious interference against Vick is barred by KRS 413.120, be it either 413.120(4) or 413.120(7). Therefore, Plaintiff's tortious interference with a contract claim must be dismissed.

## CONCLUSION

For the above reasons, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.

An appropriate order shall issue.