UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:07-CV-149

**DR. BARBARA WILLIAMS**                                                              **PLAINTIFF**

**V.**

**OWENSBORO BOARD OF EDUCATION**                                          **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendant Owensboro Board of Education's Motion for Summary Judgment (Docket #31) and Plaintiff Dr. Barbara Williams' Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment (Docket #34). Defendant has responded to Plaintiff's motion (Docket #35), and Plaintiff has replied (Docket #37). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

**BACKGROUND**

Plaintiff Dr. Barbara Williams is a former employee of Defendant Owensboro Board of Education. She was hired as a District Assessment Coordinator for a one-year contract beginning on July 12, 1999, and received one-year contract extensions in 2000 and 2001. Dr. Lawrence Vick became the school superintendent in 2002. On April 25, 2002, Dr. Vick notified Plaintiff that her contract was not being renewed for another year. Plaintiff requested a specific reason for non-renewal of her contract pursuant to Kentucky Revised Statutes § 161.750. Dr. Vick responded in a letter dated May 14, 2002, that the non-renewal of Plaintiff's contract "was based on the fact that the position you presently occupy was eliminated for the 2002-2003 school year

due to the restructuring recently approved by the Owensboro Board of Education." Plaintiff's employment ended in July 2002.

Plaintiff filed suit against Defendants on December 7, 2007. Plaintiff specifically alleged that the Board of Education is liable for breach of contract, and Dr. Vick for tortious interference with Plaintiff's contract. The parties agreed to bifurcate discovery between the statute of limitations and the merits of Plaintiff's claims. In the Court's order dated February 3, 2009, Defendant's motion to dismiss Plaintiff's breach of contract claim on statute of limitations grounds was denied, and Plaintiff's claim for tortious interference with a contract was dismissed as barred by the applicable statute of limitations. Dr. Vick was dismissed from the action. Defendant Owensboro Board of Education has now filed a motion for summary judgment on Plaintiff's breach of contract claim. Plaintiff has also filed a motion for summary judgment on the grounds that there are no genuine issues of material fact.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the

case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The moving party must present more than a mere scintilla of evidence in support of his position; the moving party must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

Plaintiff was employed by Defendant under a limited contract, which entitled her to a one-year contract in her position, followed by re-employment for the succeeding school year if her contract was renewed. Ky. Rev. Stat. Ann. § 161.750(1). Plaintiff worked for three years under this limited contract arrangement, but her contract was not renewed by the Board in 2002. Absent a new or renewed contract, a teacher working under a limited contract agreement does not have any expectation of future employment with the school district. In order to prevail on her breach of contract claim, Plaintiff must show that a contract with the Board existed, that this contract was breached by the Board, and that a remedy is available by law. Restatement

(Second) of Contracts § 1.

Defendant's stated reason for not renewing Plaintiff's limited contract was that Plaintiff's position was eliminated for the 2002-2003 school year due to restructuring by the Board. The Court first notes that "superintendents and school boards are vested with broad discretion in the administration of schools." *Phillips v. Board of Ed. Of Muhlenberg County*, 580 S.W.2d 730, 731 (Ky. App. 1979) (citing *Snapp v. Deskins*, 450 S.W.2d 246, 252 (Ky. 1970)). Nevertheless, Kentucky law has established procedures which superintendents and school boards must follow in exercising such discretion.

Plaintiff raises several arguments in support of her summary judgment motion. First, Plaintiff argues that her position as District Assessment Coordinator ("DAC") is a legislatively mandated position which may not be eliminated. Defendant asserts that although the position of DAC was abolished, thus leading to Plaintiff's termination, the statutorily mandated duties of the DAC were consolidated with another position. In a deposition taken on May 13, 2008, Plaintiff admits that her DAC position was previously held by a woman who also taught special education. Moreover, Plaintiff asserts that she is aware of the District Assessment Coordinator position being combined with additional positions or duties at other schools in Kentucky. Therefore, there is no genuine issue of material fact that Plaintiff's position could be combined with other positions, and could therefore be eliminated as a part of the Board's restructuring plan.

Plaintiff further argues in support of her breach of contract claim that 704 Ky. Admin. Regs. 3:345 was incorporated by reference into the contract. This regulation requires annual evaluations for administrators, and Plaintiff was not given an annual evaluation for the 2001-

2002 school year. The parties disagree as to whether the regulation was incorporated by reference in the contract. Plaintiff asserts that the statute is incorporated by reference under the language of contract paragraphs 1, 4, 5, & 6 which refer to "Kentucky Revised Statutes, . . . the lawful rules and regulations of the State Board for Elementary and Secondary Education, and the lawful rules and regulations of the District." Defendant contends that the contract does not incorporate the regulation by reference. Clause 1 of the contract refers to the services to be performed by the teacher signing the contract, and therefore the referenced laws in that Clause would not include a duty by the school to carry out annual evaluations. In the same manner, Clause 6 refers to reports and records that should be kept and furnished to the school by the teacher. It does not reference any duties to be performed by the school. Clause 5 references sick leave and other fringe benefits to which the teacher is entitled. Annual evaluations are unlikely to be considered a "fringe benefit." Finally, Clause 4 speaks of the teacher's right to a salary in accordance with "a plan adopted by the District in compliance with state law and the lawful rules and regulations of the State Board for Elementary and Secondary Education." This Clause appears to refer to scheduling of pay issues, rather than conditions related to pay, such as evaluations.

   Even assuming that 704 Ky. Admin. Regs. 3:345 was incorporated into the contract by reference, the Court can find no genuine issue of material fact as to how such a breach (in providing no annual evaluation) damaged Plaintiff in any way. Neither Defendant nor Plaintiff has alleged that Plaintiff was dismissed for poor performance. It appears by all counts that Plaintiff's contract was not renewed because her position had been eliminated due to restructuring, and any evaluations as to her performance would have had no effect. In fact,

Plaintiff was encouraged by Dr. Vick to apply for other positions with the school.

Plaintiff's final argument is that the Board did not comply with Kentucky Revised Statutes § 161.750 when it terminated Plaintiff. More specifically, Plaintiff asserts that she was not given a written statement "containing the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based" in response to her proper request. Ky. Rev. Stat. Ann. § 161.750(2). Section 161.750 was incorporated by reference by Clause 8 of the limited contract upon which Plaintiff has filed suit. The statute sets out the rules for nonrenewal of limited contracts. The remedy for a violation of Section 161.750(2), in not providing "specific, detailed, and complete grounds" for nonrenewal, is that the contract is automatically renewed for the following school year. *Phillips,* 580 S.W.2d at 732. Defendant asserts that Dr. Vick responded appropriately to Plaintiff's request for a written statement in his letter dated May 14, 2002. Plaintiff asserts that this response was not "specific, detailed, and complete" in that it was vague and incorrect, or at least misleading.

The letter from Dr. Vick dated May 14, 2002, in response to Plaintiff's written request for a written statement pursuant to Section 161.750(2) states:

> I have received your request for a written statement setting forth the specific, detailed and complete statement of the grounds on which the non-renewal of your contract was based. In accordance with that request, and in compliance with KRS 161.750(2), this is to advise that the non-renewal of your contract was based on the fact that the position you presently occupy was eliminated for the 2002-2003 school year due to the restructuring recently approved by the Owensboro Board of Education. You are certainly welcome to apply for any posted jobs for which you are qualified.
>
> In the event you need any further information feel free to contact me at your convenience.

The Court finds that Dr. Vick's letter constituted a "specific, detailed, and complete statement of

grounds . . . ." Ky. Rev. Stat. Ann. § 161.750(2). The information provided by Dr. Vick advised Plaintiff of the specific reason why her contract was not being renewed for the 2002-2003 school year. Her position was eliminated because of a restructuring plan adopted by the Board. This statement was true and complete. The position of District Assessment Coordinator was abolished in the Board's April 25, 2002, meeting in accordance with the approved restructuring plan. The Court does not believe that more information was necessary to satisfy the statute. Plaintiff was advised of the reason she was not being re-employed, and therefore had power to correct the situation if possible. *Gaines v. Board of Education*, 554 S.W.2d 394, 395 (Ky. App. Ct. 1977). In addition, the letter gave Plaintiff "adequate time to obtain employment elsewhere." *Id.*

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

An appropriate order shall issue.